**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MEYERS DIVISION**

LAUREL A. CRONIN,

    Plaintiff,

v.                                                                  Case No.: _____

A.N.G. INC. OF PORT CHARLOTTE,
D.D.S., INC. OF PORT CHARLOTTE,
ALLISON BAYAR, and RECEP BAYAR,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Laurel A. Cronin, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, A.N.G. Inc. of Port Charlotte, D.D.S., Inc. of Port Charlotte, Allison Bayar, and Recep Bayar, and alleges:

### I.  Jurisdiction and Venue

1.      This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

### II.  Parties

3.      At all times relevant hereto, plaintiff, Laurel A. Cronin, worked at bingo establishments owned, operated, and/or controlled by defendants.

4.      At all times relevant hereto, defendant A.N.G. Inc. of Port Charlotte operated a

bingo hall known as Charlotte Harbor Bingo and employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that moved in interstate or foreign commerce.  Upon information and belief, A.N.G. Inc. of Port Charlotte has had gross revenues exceeding $500,000 per year.

5.      More specifically, in plaintiff's performance of her work for defendants at the establishment known as Charlotte Harbor Bingo, she customarily and routinely handled goods and materials such as bingo cards, pull-tabs, decorations, daubers, and computer systems which were produced out of state and had moved in interstate commerce prior to coming into the possession of A.N.G. Inc. of Port Charlotte.

6.      Defendant A.N.G. Inc. of Port Charlotte is subject to, and not exempt from, the provisions of the FLSA.

7.      At times relevant hereto, defendant D.D.S., Inc. of Port Charlotte operated a bingo hall known as Bingo Trail and employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that moved in interstate or foreign commerce.  Upon information and belief, D.D.S., Inc. of Port Charlotte has had gross revenues exceeding $500,000 per year.

8.      More specifically, in plaintiff's performance of her work for defendants at the establishment known as Bingo Trail, she customarily and routinely handled goods and materials such as bingo cards, pull-tabs, decorations, and daubers which were produced out of state and had moved in interstate commerce prior to coming into the possession of D.D.S., Inc. of Port Charlotte.

9.      Defendant  D.D.S., Inc. of Port Charlotte is subject to, and not exempt from, the provisions of the FLSA.

10.     At all times relevant hereto, Allison Bayar (hereinafter at times "A. Bayar") was an owner and the Vice President of A.N.G. Inc. of Port Charlotte and an owner and the President D.D.S., Inc. of Port Charlotte.  She was also regularly present at both of those entities' bingo halls, participated in management's decision-making for those establishments, and could direct the corporate defendants how to compensate plaintiff.

11.     Defendant A. Bayar is subject to, and not exempt from, the provisions of the FLSA.

12.     At all times relevant hereto, Recep Bayar (hereinafter at times "R. Bayar") was an owner and the President of A.N.G. Inc. of Port Charlotte and an owner and the Vice President of D.D.S., Inc. of Port Charlotte.  He also served as the Regional Manager of those two entities' operations.  In those capacities, R. Bayar was regularly present at those entities' bingo halls, participated in personnel decisions at those establishments, participated in large money payouts at those establishments, counseled employees, made decisions which affected the terms and conditions of those working there, and received daily financial reports from those establishments.

13.     Defendant R. Bayar is subject to, and not exempt from, the provisions of the FLSA.

### III.  Factual Allegations

14.     At all times relevant hereto, A.N.G. Inc. of Port Charlotte, A. Bayar, and R. Bayar, owned/operated a bingo hall located at 4200 Tamiami Trail, Port Charlotte, Florida which operated under the name Charlotte Harbor Bingo.

15.     At times relevant hereto, D.D.S., Inc. of Port Charlotte, A. Bayar, and R. Bayar, owned/operated a bingo hall located at 1700 Tamiami Trail, Port Charlotte, Florida which

operated under the name Bingo Trail.  Additionally, at times relevant hereto D.D.S., Inc. of Port Charlotte, A. Bayar, and R. Bayar, owned/operated Bingo Trail at the 4200 Tamiami Trail, Port Charlotte, Florida location.

16.    Plaintiff began working for A.N.G. Inc. of Port Charlotte, A. Bayar, and R. Bayar at an establishment known as Charlotte Harbor Bingo on or about August 13, 2022.  On or about October 20, 2022 plaintiff began working for D.D.S., Inc. of Port Charlotte, A. Bayar, and R. Bayar for the purported Bingo Trail establishment.  At times, Charlotte Harbor Bingo and Bingo Trail operated out of the same location, while at other times they had separate locations. Regardless of the physical location at which plaintiff performed her work for defendants, at all times material hereto plaintiff interacted with the two bingo hall's customers and facilitated their playing games of chance which were hosted by defendants at those establishments.

17.    In addition to having common ownership and control, Charlotte Harbor Bingo and Bingo Trail were engaged in the same type of business, jointly marketed to potential customers, shared employees, and at times co-hosted gaming events at the same location.

18.    At all times relevant hereto, Charlotte Harbor Bingo and Bingo Trail, as operated and controlled by defendants, sold and hosted games of chance, participated in the gambling and/or entertainment sectors of the economy, and otherwise engaged in commercial activities and competed with other private businesses.

19.    In her employment with defendants, plaintiff was paid no wages for her labor; instead, she worked for "tips only."

20.    As a matter of economic reality, plaintiff worked for defendants at Charlotte Harbor Bingo and Bingo Trail to receive income in the form of tips, which she then used to support herself.

21.     Defendants remained plaintiff's employer until on or about April 28, 2026, at which time they terminated her employment.

22.     Upon information and belief, defendants failed to keep and preserve records of those employed by them and their hours worked, as required by 29 U.S.C. § 211(c).

### IV.  Count I -- Violation of Fair Labor Standards Act
### (Minimum Wages)

23.     Plaintiff realleges and incorporates herein paragraphs 1 - 22, above.

24.     Defendants are subject to, and not exempt from, the provisions of the FLSA.

25.     Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

26.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

27.     Nevertheless, defendants failed to compensate her at the legally required wage.

28.     Such conduct of defendants constituted a violation of the FLSA, as well as a willful violation thereof.

29.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

30.     Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which she may be entitled.

*Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net

6